UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Charles Ramsey, Jr. | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | File No. 1:02-CR-102-1 |
| | : | |
| United States of America, | : | |
|     Respondent. | : | |

<u>ORDER</u>
(Paper 56)

Petitioner Charles Ramsey, Jr., a federal inmate incarcerated in Pennsylvania, has filed a "Motion for a Reduction of Sentence." In his motion, Ramsey explains that his sentence "is not assisting, defendant/Petitioner in any rehabilitative way, since F.C.I. - Allenwood has no residential drug couseling [sic]." Ramsey also asks the Court to have several "non-convictions . . . expunged" from Bureau of Prisons computer records. Ramsey claims that these alleged "non-convictions" are preventing his eligibility for "self-improvement and self-advancement in institutional programs."

Although the title of the motion asks for a reduction of sentence, the content of Ramsey's motion challenges the execution of his sentence. Consequently, his claim should be recharacterized as a petition brought pursuant to 28 U.S.C. § 2241. <u>See</u> <u>Rickenbacker v. United</u>

States, 2005 WL 936933, at *6 (E.D.N.Y. Apr. 23, 2005) ("execution referred to includes matters such as the administration of parole, computation of the sentence, transfers between prisons, and conditions of detention") (citing Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)).  The Second Circuit has held that when a district court, acting *sua sponte*, recharacterizes a motion as a petition brought pursuant to § 2241, the court must either obtain the movant's consent to the recharacterization or give the movant an opportunity to withdraw his motion.  See Simon v. United States, 359 F.3d 139, 144 (2d Cir. 2004) (citing Adams v. United States, 155 F.3d 582, 583-84 (2d Cir. 1998)).  The reason for this requirement is that, if Ramsey were to try to bring another § 2241 petition in the future, his subsequent petition might be barred by the Circuit Court as "second or successive."  See id.; Triestman v. United States, 124 F.3d 361, 373 n.17 (2d Cir. 1997); 28 U.S.C. § 2244(a).

Section 2244 provides that an individual seeking to file a "second or successive" habeas corpus petition must

first obtain authorization from a panel of the appropriate court of appeals.  At least with respect to habeas petitions brought pursuant to §§ 2254 and 2255, the Second Circuit will certify the petition only if it contains "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §§ 2244(b)(2), 2255.  The Second Circuit has held that successive § 2241 petitions "may well trigger" this bar as well.  Simon, 359 F.3d at 144.  "Thus, a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated."  Adams, 155 F.3d at 583.

Accordingly, this Order shall serve as notice to Ramsey that, if his current motion is re-characterized as a petition brought pursuant to § 2241, he may be barred from bringing another § 2241 petition in the future.  In accord with the law of this Circuit, Ramsey is granted 30 days in which to (1) consent to having his motion

recharacterized as a petition brought pursuant to 28 U.S.C. § 2241, (2) withdraw the motion, or (3) inform the Court that he is proceeding under some other statute or rule.  If Ramsey consents to recharacterization, he may also amend his petition so that it contains all of the § 2241 claims he believes he has.  Failure to respond to the Court within 30 days may result in the denial of the motion.

Ramsey is also hereby notified that if he allows the recharacterization of his petition, this Court will lose jurisdiction over the case since his custodian is in Pennsylvania.  See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2727 (2004).  Accordingly, the case will necessarily be transferred to the United States District Court for that jurisdiction.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 13th day of May, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge