```
               UNITED STATES DISTRICT COURT
                        FOR THE
                  DISTRICT OF VERMONT
```

Charles Ramsey, Jr.            :
      Petitioner,              :
                               :
   v.                          :    File No. 1:02-CR-102-1
                               :
United States of America,      :
      Respondent.              :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 56)

Petitioner Charles Ramsey, Jr., a federal inmate incarcerated in Waymart, Pennsylvania, has filed a "Motion for a Reduction of Sentence." (Paper 56). In his motion, Ramsey explains that his sentence "is not assisting, defendant/Petitioner in any rehabilitative way, since F.C.I. - Allenwood has no residential drug couseling [sic]." Ramsey also asks the Court to have several "non-convictions . . . expunged" from Bureau of Prisons ("BOP") computer records. Ramsey claims that these alleged "non-convictions" are preventing his eligibility for "self-improvement and self-advancement in institutional programs." Id.

In an Order dated May 13, 2005, the Court concluded that because Ramsey's motion was challenging the execution of his sentence by the BOP, and not the legality of his conviction or sentence, the motion should

be recharacterized as a petition brought pursuant to 28 U.S.C. § 2241.  (Paper 59, citing Rickenbacker v. United States, 365 F. Supp. 2d 347, 353 (E.D.N.Y. 2005) (citing Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)).  Pursuant to the required practice in this Circuit, the Court warned Ramsey of potential procedural ramifications of the recharacterization, and granted Ramsey 30 days in which to (1) consent to having his motion recharacterized as a petition brought pursuant to 28 U.S.C. § 2241, (2) withdraw the motion, or (3) inform the Court that he is proceeding under some other statute or rule.  Id.  The Court also informed Ramsey that if he consented to the recharacterization, this Court would lose jurisdiction over the case since his custodian is in Pennsylvania.  Id. (citing Rumsfeld v. Padilla, 124 S. Ct. 2711, 2727 (2004)).

   On June 3, 2005, Ramsey filed a motion to recharacterize the "pending petition" as a motion pursuant to § 2241.  (Paper 61).  In his motion to recharacterize, Ramsey explains that the "non-convictions" referenced in his initial motion consist of

2

prior state offenses which have allegedly been "'expunged,'" but which remain in the BOP's records.  Id.  Because these offenses are being used "as a deterrent for any consideration of entering a lower security rehabilitation establishment or drug program," Ramsey seeks an order compelling the BOP to remove the offenses from his "criminal profile."  Id.  The Court has granted the motion to re-characterize.  (Paper 62).

As set forth above, this Court cannot issue a writ of habeas corpus in a § 2241 proceeding outside of its jurisdiction.  See 28 U.S.C. § 2241; Rumsfeld, 124 S. Ct. at 2724.  Ramsey's recent elaboration on his grounds for relief reinforces the Court's opinion that his motion is best brought pursuant to § 2241.  Accordingly, and given that Ramsey is currently incarcerated in Waymart, Pennsylvania, I recommend that this case be TRANSFERRED to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404.

Dated at Burlington, in the District of Vermont, this 8th day of June, 2005.

                                /s/ Jerome J. Niedermeier
                                Jerome J. Niedermeier
                                United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).